**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JAMES MILTON PADBERG, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 2:25-cv-02915-TLP-atc |
| v. | ) |
| | ) |
| WARDEN C. HARRISON, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241 WITHOUT
PREJUDICE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN
IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA
PAUPERIS ON APPEAL**

In September 2025, Petitioner James Milton Padberg, Jr. petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 2.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires the Court to conduct a preliminary review of a habeas petition to determine what response is required. A federal court may immediately dismiss a petition if it concludes that "the petition is frivolous[] or obviously lacking in merit" on its face. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). Habeas Rule 4 says "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

As explained below, the Court **DISMISSES** the Petition **WITHOUT PREJUDICE**.

## BACKGROUND

In October 2021, Petitioner pleaded guilty to conspiracy to transport illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), (B)(i).  (ECF No. 2 at PageID 4; *see also United States v. Padberg*, No. 2:21-cr-01355-AM (W.D. Tex.) ("Criminal Case"), ECF Nos. 21, 40, 60, 62.)  The district court sentenced him to eighty-four months with credit for time served since July 29, 2021, with three years of supervised release.  (Criminal Case, ECF No. 62.)  Petitioner did not appeal his sentence.  In August 2024, the sentencing court denied Petitioner's motion to reduce his sentence.  (Criminal Case, ECF No. 76.)  Petitioner did not appeal that decision either.

The sentencing court recommended that Petitioner "serve this sentence at the [Federal Correctional Institute in] Bastrop[, Texas,] if possible."  (Criminal Case, ECF No. 62.)  The Federal Bureau of Prisons ("BOP") confines Petitioner at the Satellite Prison Camp, Millington ("SPC-Millington") of the Federal Correctional Institute in Memphis, Tennessee ("FCI-Memphis").  (ECF No. 2 at PageID 2, 4, 10; ECF No. 2-3 at PageID 18.)

Petitioner asserts two claims.  First, he alleges that "[t]he Warden has failed to award [Petitioner] his proper [(FSA[1]) (SCA[2]) (FTC)] time credits[,] keeping him in prison beyond his

---

[1] Under the First Step Act ("FSA"), eligible prisoners may earn time credits ("FTCs") toward prerelease custody or supervised release when they successfully complete "evidence-based recidivism reduction programming" or "productive activities."  18 U.S.C. § 3632(d)(4)(A).  An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities."  18 U.S.C. § 3632(d)(4)(A)(i).  An inmate can earn an additional 5 FTCs during those 30 days if (1) his or her recidivism-risk rating is minimum or low and (2) his or her risk of recidivism has not increased for two consecutive recidivism assessments by the BOP.  18 U.S.C. § 3632(d)(4)(A)(ii); *see also* 28 C.F.R. § 523.42(c)(2).

[2] Along with the FTCs, the BOP also assesses each inmate individually under the Second Chance Act ("SCA") to determine whether they might qualify for up to 365 additional days of early transfer to prerelease custody.  The Second Chance Act provides that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  18 U.S.C. § 3624(c).

release date." (ECF No. 2 at PageID 6.)  The BOP FSA Time credit assessment for Petitioner says that his FSA Projected Release Date is July 16, 2026, with a Conditional Transition to Community date of March 8, 2025.  (ECF 2-1 at PageID 13; *see also Find an inmate.,* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (showing Petitioner's release date is July 16, 2026) (inmate register number 57960-509) (last accessed June 3, 2026).)  Petitioner does not request a corrected sentence calculation, although he claims he is being held in custody beyond his release date.  (*See* ECF No. 2 at PageID 6.)

Second, Petitioner alleges that his "FSA credits commenced the moment he was sentenced under 18 U.S.C. § 3621 because he was in BOP custody."  (*Id*.)

Petitioner seeks immediate release to home confinement.  (*Id*. at PageID 8.)

## LEGAL STANDARD

For relief under 28 U.S.C. § 2241, Petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [their] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241; *Townsend v. Sain*, 372 U.S. 293, 312 (1963)).

## ANALYSIS

I.      **The Court Lacks Authority to Grant Petitioner's Requested Relief**

Petitioner asks the Court to order the BOP to immediately release him to home confinement.  (ECF No. 2 at PageID 8.)  Petitioner's claims are unavailing because the authority to order an inmate's transition from prison rests exclusively with the executive, not judicial, branch of government.  This Court has no statutory authority to order that Petitioner be released to home confinement.

3

Under 18 U.S.C. § 3621(a), "[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier release for satisfactory behavior pursuant to the provisions of section 3624." 18 U.S.C. § 3621(a). "The BOP, not the court, is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) (citing 18 U.S.C. § 3621(b)). The BOP's "designation of a place of imprisonment ... is not reviewable by any court." 18 U.S.C. § 3621(b). Although a court may recommend placement in a community corrections facility, such a recommendation "shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b); *see also United States v. Jalili,* 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government . . . and is delegated to the Bureau of Prisons") (quoting *United States v. Dragna,* 746 F.2d 457, 458 (9th Cir. 1984)).

The BOP may place a prisoner in "prerelease custody" to afford the prisoner a reasonable opportunity to adjust to and prepare for reentry into the community. 18 U.S.C. § 3624(c). Congress has defined prerelease custody as home confinement or placement in a residential reentry center. 18 U.S.C. § 3624(g)(2).

> Although Congress has authorized the BOP to utilize either or both of these types of pre-release custody, it does not prescribe when one should be used rather than the other, nor does it mandate the use of home confinement. Instead, this is left to the discretion of the Bureau of Prisons, and there is no statutory requirement that any inmate be designated to home confinement for any portion of his sentence.

*Frierson v. Rardin*, No. 2:24-cv-12456, 2025 WL 410072, at *5 (E.D. Mich. Feb. 5, 2025) (internal quotation omitted). "The prerelease custody statute does not give federal inmates an

4

enforceable entitlement to any particular form of prerelease custody and provides merely an authorization, rather than a mandate, for non-prison confinement at the end of a federal sentence." *Frierson*, 2025 WL 410072, at *5. "Decisions regarding home confinement . . . as well as decisions regarding prison assignment are reserved to the Bureau of Prisons."[3] *United States v. Mathews*, No. 21-1697, 2022 WL 1410979, at *3 (6th Cir. Apr. 4, 2022). As a result, "district court[s] lack[] authority to order [an inmate's] immediate release" to home confinement. *See United States v. Bravata*, No. 22-1897, 2023 WL 6146991, at *2 (6th Cir. Sept. 20, 2023) (affirming district court's order denying petitioner's motion for immediate release to home confinement).[4]

For the reasons explained above, the Court **DISMISSES t**he § 2241 Petition **WITHOUT PREJUDICE**.

## II.   Appellate Issues

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

---

[3] "[N]either the FSA nor the current version of § 3624(c) mandates that the BOP place prisoners in community corrections for any period of time. . . . [A] prisoner is neither entitled to nor guaranteed such placement [in a community facility] for any minimum amount of time." *United States v. Richards*, No. 3:05-cv-0185, 2019 WL 2008572, at *6 (M.D. Tenn. May 7, 2019) (citing 18 U.S.C. § 3624(c), § 3621(b)).
[4] *See also Kaiser v. Hollingsworth*, Civ. No. 16-1288 (RBK), 2016 WL 6246308, at *4 (D.N.J. Oct. 25, 2016) ("Petitioner has no liberty interest in being placed in home confinement as opposed to being placed in an RRC").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal in forma pauperis in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

Because the Court is without authority to grant Petitioner's requested relief, the Court finds that any appeal would not be taken in good faith.  The Court therefore **CERTIFIES** under Rule24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal in forma pauperis.

## CONCLUSION

The Court cannot grant the relief sought in Petitioner's § 2241 Petition.  For these reasons, the Court **DISMISSES** the § 2241 Petition **WITHOUT PREJUDICE**.

**SO ORDERED**, this 8th day of June, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

6